# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| RENE GATO, | ) | |
| Petitioner, | ) | 2: 10-cv-01748-KJD-RJJ |
| vs. | ) | |
| | ) | **ORDER** |
| GREGORY SMITH, et al, | ) | |
| Respondent. | ) | |

This is a habeas corpus case pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner is proceeding *pro se*. Petitioner has filed a motion to proceed *in forma pauperis*. (Docket #1). Based on the information about petitioner's financial status, including any additional information that may have provided, the Court finds that the motion to proceed *in forma pauperis* should be granted.

Petitioner has filed a motion for appointment of counsel (docket #2) asserting that the issues in his case are complex and that he is unable to adequately represent himself.

There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428

(9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).

The petition on file in this action is well-written and sufficiently clear in presenting the issues that petitioner wishes to bring. The issues in this case are not complex. It does not appear that counsel is justified in this instance. The motion shall be denied.

Petitioner has filed a motion for an evidentiary hearing. (Docket #3.) Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that where a petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and transcripts and record of the state court proceedings are filed, shall, *upon review* of those proceedings, determine whether an evidentiary hearing is required. The purpose of an evidentiary hearing is to resolve the merits of a factual dispute. An evidentiary hearing on a claim is required where it is clear from the petition that: (1) the allegations, if established, would entitle the petitioner to relief; and (2) the state court trier of fact has not reliably found the relevant facts. *See, Hendricks v. Vasquez*, 974 F.2d 1099, 1103 (9th Cir.1992). As the function of an evidentiary hearing is to try issues of fact, *Townsend v. Swain,* 372 U.S. 293, 309 (1963)(*overruled in part by Keeney v. Tamayo-Reyes*, 504 U.S. 1, 112 S.Ct. 1715 (1993)), such a hearing is unnecessary when only issues of law are raised. *Id*.

As the Court has yet to review the merits of petitioner's claim, it is unable to determine whether there is a disputed issue of fact that requires an evidentiary hearing. Following a thorough review of the petition's merits, the Court will sua sponte issue an order for an evidentiary hearing should it find one necessary. Accordingly, the request for an evidentiary hearing will be denied.

1    The petition shall now be filed and served on respondents.  A petition for federal habeas corpus should include all claims for relief of which petitioner is aware.  If petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim.  *See* 28 U.S.C. §2254(b) (successive petitions).  If petitioner is aware of any claim not included in his petition, he should notify the Court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

**IT IS THEREFORE ORDERED** that the application to proceed *in forma pauperis* (docket #1) is **GRANTED**.

**IT IS FURTHER ORDERED** that the motion for appointment of counsel (docket #2) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion for an evidentiary hearing (docket #3) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion to submit affidavit (docket # 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall **FILE the petition and ELECTRONICALLY SERVE** the petition (docket #1-2, #1-2) upon respondents.

**IT IS FURTHER ORDERED** that respondents shall have **forty-five (45)** days from entry of this order within which to answer, or otherwise respond to, the petition.  In their answer or other response, respondents shall address any claims presented by petitioner in his petition as well as any claims presented by petitioner in any Statement of Additional Claims.  Respondents shall raise all potential affirmative defenses in the initial responsive pleading, including lack of exhaustion and procedural default.  **Successive motions to dismiss will not be entertained**.  If an answer is filed, respondents shall comply with the requirements of Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.  If an answer is filed, petitioner shall have **forty-five (45) days** from the date of service of the answer to file a reply.

1 **IT IS FURTHER ORDERED** that, henceforth, petitioner shall serve upon the Attorney General of the State of Nevada a copy of every pleading, motion, or other document he submits for consideration by the court. Petitioner shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the Attorney General. The court may disregard any paper that does not include a certificate of service. After respondents appear in this action, petitioner shall make such service upon the particular Deputy Attorney General assigned to the case.

DATED: October 19, 2010

_____
UNITED STATES DISTRICT JUDGE