1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

RENE GATO,                              )
                                        )
            Petitioner,                 )        2:10-cv-01748-KJD-RJJ
                                        )
vs.                                     )
                                        )        **ORDER**
GREGORY SMITH, *et al.,*                )
                                        )
            Respondents.                )
_____/

        This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a

state prisoner, is proceeding *pro se*.  Before the court is respondents' motion to dismiss.  (ECF No. 20.)

Petitioner has opposed the motion (ECF No. 35), and respondents have replied (ECF No. 37).

**I.      Motion to Strike and Motion for Appointment of Counsel**

        Prior to turning to the motion to dismiss, the court addresses two preliminary matters.  First,

petitioner moves to strike respondents' motion to dismiss on the ground that it is untimely.  (ECF No.

30.)  On October 19, 2010, the court issued an order serving the petition on respondents and ordering

them to answer, or otherwise respond, to the petition by December 3, 2010.  (ECF No. 5.)  On January

31, 2011, the court issued an order granting respondents an extension of time in which to respond to the petition. (ECF No. 18.) Respondents' response was due no later than February 20, 2011. Respondents filed their motion to dismiss on February 8, 2011. Thus, the court denies petitioner's motion to strike because the motion to dismiss was timely filed.

Second, petitioner moves for the appointment of counsel. (ECF No. 29.) As explained to petitioner on several prior occasions, despite petitioner's claims that he has limited education and skills in the English language, the petition on file in this action is well-written and sufficiently clear. Accordingly, the court finds no basis for the appointment of counsel and denies petitioner's motion.

**II.    Procedural History and Background**

On January 31, 2005, the State of Nevada filed an amended information in the Eighth Judicial District Court for the State of Nevada charging petitioner with burglary, murder with use of a deadly weapon, and robbery with use of a deadly weapon. (Exhibits to Mot. to Dismiss Ex. 67, ECF No. 22.)[1] Petitioner proceeded to trial on all charges. (*Id*. Ex. 68.) On February 11, 2005, after a ten-day trial, the jury returned a verdict finding petitioner guilty of burglary, first-degree murder with use of a deadly weapon, and robbery with use of a deadly weapon. (*Id*. Ex. 85, ECF No. 23.) On April 7, 2005, the District Court sentenced petitioner to four to ten years for the burglary conviction; life without the possibility of parole for the substantive offense of first-degree murder and life without the possibility of parole for use of a deadly weapon, both life sentences to run consecutively with the burglary sentence; and six to ten years for the substantive offence of robbery and six to ten years for use of a deadly weapon, both sentences to run consecutively with the other sentences. (*Id*. Ex. 86, Ex. 88.) The judgment of conviction issued April 18, 2005. (*Id*. Ex. 88.) Petitioner appealed. (*Id*. Ex 89.) On May 30, 2007, the Nevada Supreme Court affirmed petitioner's convictions. (*Id*. Ex. 115, ECF No. 23.)

On July 2, 2008, petitioner, appearing with representation of counsel, filed a post-conviction petition in state court. (*Id*. Ex. 121.) Petitioner argued that his trial counsel and appellate counsel were

---

[1]   The exhibits referenced in this order are found in the court's record at ECF Nos. 21-24, which were filed with respondents' motion to dismiss.

ineffective.  (*Id*.)  The District Court denied the petition on April 27, 2009.  (*Id*. Ex. 131.)  Petitioner

appealed.  (*Id*. Ex. 135.)  On May 10, 2010, the Nevada Supreme Court affirmed the District Court's

decision.  (*Id*. Ex. 146.)  Remittitur issued on June 8, 2010.  (*Id*. Ex. 121.)  Petitioner dispatched his

petition for writ of habeas corpus to this court on September 30, 2010.  (ECF No. 6.)

**III.    Discussion**

Respondents argue in their motion to dismiss that the petition must be dismissed as untimely.  In

opposition to the motion to dismiss, petitioner argues that the negligence of counsel has adversely

impacted his ability to obtain relief.  Petitioner asks the court to take into consideration his lack of

education and experience in the law and his inability to understand the English language.

**A.  Statute of Limitations**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996

(AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed

after the date of its enactment.  *Lindh v. Murphy*, 521 U.S. 320 (1997); *Jeffries v. Wood*, 114 F.3d 1484,

1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).  The instant petition was filed on

September 30, 2010, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal

petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, Section 2244, subdivision (d)

reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

        (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A "properly filed application" is one in which the "delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Dictado v. Ducharme,* 244 F.3d 724, 726-27 (9th Cir. 2001) (quoting *Artuz v. Bennett*, 531 U.S. 4, 121 S.Ct. 361, 364 (2000)). Time limits on post-conviction petitions are "condition[s] to filing," such that an untimely petition would not be deemed "properly filed." *Pace v. DiGuglielmo,* 544 U.S. 408, 413 (2005). With respect to the filing of a federal petition for writ of habeas corpus, a *pro se* petitioner effectively files a federal petition when he delivers it to prison authorities for mailing to the court. *Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003).

Under the provision applicable to this case, 28 U.S.C. § 2244(d)(1)(A), the statute of limitations began to run on the date the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. In this case, the District Court entered the judgment of conviction on April 18, 2005. The Nevada Supreme Court's order of affirmance on direct review was issued on May 30, 2007. Petitioner had ninety days from that date, until August 30, 2007, to seek certiorari with the United States Supreme Court. *Bowen v. Roe*, 188 F.3d 1157, 1158-60 (9th Cir. 1999). Petitioner's conviction became final on August 30, 2007, which is 90 days after the Nevada Supreme Court issued its order of affirmance. United States Supreme Court Rules, Rule 13(1). The AEDPA one-year statute of limitations began to run on August 31, 2007. Petitioner had until August 31, 2008, to file his federal habeas petition, unless time was otherwise tolled by federal statute.

**B.    Statutory Tolling**

As discussed above, under 28 U.S.C. § 2244(d)(2), the statute of limitations is tolled while a

4

post-conviction petition remains pending in state court, so long as the petition is "properly filed." When a petition for state post-conviction relief is rejected as untimely by the state courts, it is not "properly filed" under § 2244(d)(2). *Allen v. Siebert*, 552 U.S. 3, 7 (2007). In this case, petitioner filed his petition for post-conviction relief in state court on July 2, 2008. In its order affirming the District Court's denial of petitioner's state post-conviction petition, the Nevada Supreme Court concluded that the petition was untimely under Nev. Rev. Stat. § 34.726(1). The Nevada Supreme Court found that petitioner failed to show good cause to excuse the untimely filing and affirmed the denial of the petition on untimeliness grounds. Accordingly, because petitioner's state post-conviction petition was untimely, the post-conviction proceedings in state court did not toll the AEDPA statute of limitations. Petitioner dispatched his federal habeas petition approximately 1,126 days after the one-year statute of limitations began to run on August 31, 2007. Thus, petitioner's petition is untimely.

### C.    Equitable Tolling

In addition to the statutory tolling provided in 28 U.S.C.§ 2244 (d)(1), the AEDPA limitations period is subject to equitable tolling. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010)*; see Calderon v. United States District Court* (*Beeler*), 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds*, *Calderon v. United States District Court* (*Kelly*), 163 F.3d 530 (9th Cir. 1998). Equitable tolling is available only "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Beeler*, 128 F.3d at 1288.

*Tillema v. Long*, 253 F.3d 494 (9th Cir. 2001) contains a clear statement of the basic law governing equitable tolling of the AEDPA statute of limitations:

> As we have previously held, "[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999); *see also Calderon v. United States Dist. Court (Kelly)*, 128 F.3d 1283, 1288-89 (9th Cir. 1997), *overruled on other grounds by Calderon v. United States Dist. Court*, 163 F.3d 530 (9th Cir. 1998) (en banc) (petitioner entitled to equitable tolling where petitioner's counsel withdrew and left replacement counsel with unusable work product that made timely filing impossible); *Kelly*, 163 F.3d at 541-42 (petitioner entitled to equitable tolling because the district court ordered a stay preventing petitioner's counsel from filing a timely habeas petition and because

5

1    petitioner was allegedly mentally incompetent).

2  *Tillema*, 253 F.3d at 504; *see also Holland v. Florida,* 130 S.Ct. 2549, 2562-63 (2010).

3    The Ninth Circuit Court of Appeals has also made clear that equitable tolling is unavailable in

4  most cases. *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002); *Miles v. Prunty*, 187 F.3d 1104,

5  1107 (9th Cir. 1999).  Equitable tolling is only appropriate "if *extraordinary* circumstances beyond a

6  prisoner's control make it impossible to file a petition on time." *Miranda*, 292 F.3d at 1066 (quoting

7  *Calderon v. United Stated Dist. Court (Beeler)*, 1289 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part*

8  *on other grounds by Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998)(*en*

9  *banc*))(emphasis in original).  "Indeed, 'the threshold necessary to trigger equitable tolling [under

10 AEDPA] is very high, lest the exceptions swallow the rule.'" *Miranda*, 292 F.3d at 1066 (quoting *United*

11 *States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.), *cert. denied*, 531 U.S. 878 (2000)).

12   The Supreme Court reiterated that "a petitioner is entitled to equitable tolling only if he shows:

13 '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood

14 in his way' and prevented timely filing." *Holland*, 130 S.Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544

15 U.S. 408, 418 (2005)).  The Court made clear that the "exercise of a court's equity powers . . . . must be

16 made on a case-by-case basis," while emphasizing "the need for flexibility" and "avoiding [the

17 application of] mechanical rules." *Holland*, 130 S.Ct. at 2563 (internal quotations and citations omitted).

18 In making a determination on equitable tolling, courts must "exercise judgment in light of prior precedent,

19 but with awareness of the fact that specific circumstances, often hard to predict in advance, could warrant

20 special treatment in an appropriate case." *Holland*, 130 S.Ct. at 2563.

21   Here, petitioner argues that the negligence of counsel has adversely impacted his ability to

22 obtain relief.  Additionally, petitioner asks the court to take into consideration his lack of education and

23 experience in the law and his inability to understand the English language.

24   First, to the extent that petitioner seeks equitable tolling based on counsel's error in filing an

25 untimely state post-conviction petition, he fails to make an adequate showing.  An attorney's

26 miscalculation of the limitations period, in and of itself, does not justify equitable tolling. *Holland*, 130

6

S. Ct. at 2564. Where professional misconduct is asserted, "'a garden variety claim of excusable neglect'" . . . such as a simple miscalculation that leads a lawyer to miss a filing deadline . . . does not warrant equitable tolling." *Id*. (quoting *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990) and *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)). However, attorney misconduct may constitute an extraordinary circumstance entitling a petitioner to equitable tolling where the conduct is "sufficiently egregious." *Id*.; *Porter v. Ollison*, 620 F.3d 952, 959 (9th Cir. 2010); *Spitsyn v. Moore*, 345 F.3d 796, 800, 801 (9th Cir. 2003) (equitable tolling applied where attorney was hired nearly a full year in advance of the deadline but completely failed to prepare and file a petition, was contacted by petitioner and his mother numerous times by telephone and in writing, and retained the file beyond the expiration of the statute of limitations); *Ford v. Hubbard*, 330 F.3d 1086, 1106 (9th Cir. 2003)*, vacated on other grounds sub nom., Pliler v. Ford*, 542 U.S. 225, 124 S. Ct. 2441, 159 L. Ed. 2d 338 (2004) (attorney moving out of state and leaving behind unusable work product for replacement counsel is an example of an attorney's failure to protect the client's interest that constitutes egregious conduct justifying equitable tolling). Analyzing whether the statute of limitations should be equitably tolled is "highly fact-dependent." *Ford*, 330 F.3d at 1107.

In this case, petitioner seeks equitable tolling based on his prior-counsel's untimely filing of his state post-conviction petition. Although this error ultimately resulted in the denial of his petition in state court, without more, petitioner is not entitled to equitable tolling of the statute of limitations. In this instance, counsel's miscalculation of the filing deadline amounts to no more than a "garden variety claim of attorney negligence." *See Holland*, 130 S. Ct. at 2564 (internal quotation marks omitted). Petitioner fails to describe any other factual circumstances contributing to the untimely filing of his state post-conviction petition that would evidence the type of sufficiently egregious conduct on the part of counsel sufficient to warrant equitable tolling. Accordingly, the court declines to equitably toll the statute based on attorney misconduct.

Second, petitioner fails to show that he is entitled to equitable tolling based on his lack of education and experience in the law. "[A] pro se petitioner's lack of legal sophistication is not, by itself,

1   an extraordinary circumstance warranting equitable tolling." *Rasberry v. Garcia*, 448 F.3d 1150, 1154

2   (9th Cir. 2006).  Here, petitioner offers nothing more than a one-sentence explanation that he lacks legal

3   expertise, which is insufficient to warrant equitable tolling.

4          Third, petitioner fails to show that he is entitled to equitable tolling based on his difficulties with

5   the English language.  "[A] non-English-speaking petitioner seeking equitable tolling must, at a

6   minimum, demonstrate that during the running of the AEDPA time limitation, he was unable, despite

7   diligent efforts, to procure either legal materials in his own language or translation assistance from an

8   inmate, library personnel, or other source." *Mendoza v. Carey*, 449 F.3d 1065, 1070 (9th Cir. 2006).  In

9   this case, petitioner states that "his inability to understand the [E]nglish language completely hinders his

10  ability to [perform] at a level which would [comport] with the guidelines and procedures of the legal

11  system." (ECF No. 35 at 4.)  Petitioner also attaches the affadavit of Kevin Maddox, a fellow inmate,

12  to his reply. (*Id*. at 8.)  Maddox asserts that he has assisted petitioner in litigating this action and has tried

13  to help him  understand the proceedings. (*Id*.)  Maddox states that he believes that the complexity of the

14  case is well beyond petitioner's comprehension.  (*Id*.)  Assuming without deciding that petitioner's

15  language difficulties constitute extraordinary circumstances, and that petitioner was diligent in seeking

16  to overcome those difficulties, petitioner fails to show a casual connection between his language barrier

17  and his failure to timely file his federal habeas petition.  A petitioner must show that the "extraordinary

18  circumstances were the cause of his untimeliness." *Spitsyn*, 345 F.3d at 799 (internal quotation marks

19  omitted).  Here, the primary cause of petitioner's untimeliness was the late filing of his state post-

20  conviction petition by counsel, which failed to statutorily toll the AEDPA statute of limitations.  Even

21  if this court were to equitably toll the statute of limitations while petitioner proceeded *pro se* after the

22  conclusion of his state-court post-conviction proceedings, his petition would still be approximately 1,009

23  days late.  Accordingly, the court declines to equitably toll the statute of limitations and dismisses the

24  petition as untimely. [2]

25

26          [2] Respondents also argue that certain grounds of the petition are unexhausted, procedurally defaulted, or fail to state a claim.  Because the court finds that the petition is time-barred, it declines to reach these issues.

**IV.  Certificate of Appealability**

In order to proceed with an appeal, petitioner must receive a certificate of appealability.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1;  *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001).  Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484).  In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*  This court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard.  The court will therefore deny petitioner a certificate of appealability.

**V. Conclusion**

**IT IS THEREFORE ORDERED** that petitioner's motion to strike (ECF No. 30) is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner's motion for the appointment of counsel (ECF No. 29) is **DENIED.**

**IT IS FURTHER ORDERED** that respondents' motion to dismiss (ECF No. 20) is **GRANTED**.

**IT IS FURTHER ORDERED** that the petition (ECF No. 6) is **DISMISSED IN ITS ENTIRETY**, as untimely.

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED as moot.**

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT**

1    **ACCORDINGLY.**

2         **DATED:  September 8, 2011**

3

4         _____
                   UNITED STATES DISTRICT JUDGE
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26